IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUGENE SALAZAR,

      Plaintiffs,

v.	No.

GREEN SQUARE COMPANY, LLC,

      Defendants.

## COMPLAINT FOR DAMAGES

1. Defendant Green Square is a debt collector. In 2020, Green Square contacted Mr. Salazar, verbally abused him, and threatened him with imprisonment, all in an effort to terrorize him into paying a debt he did not owe.

2. Plaintiff brings claims for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the New Mexico Unfair Practices Act, NMSA § 57-12-1 *et seq*. ("UPA"), and for tortious debt collection.

## Jurisdiction

3. This Court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d), and under 28 U.S.C. §§1331, 1337 and 1367.

## Parties

4. Plaintiff Eugene Salazar resides in Albuquerque, New Mexico. He is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Defendant Green Square Company, LLC, ("Green Square") is a foreign limited liability company. Green Square's principal business is the collection of consumer debts. It regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

1

Green Square is a "debt collector" as defined by 15 U.S.C. § 1692a(6). The conduct described herein took place in the regular course of Green Square's trade or commerce.

## Facts

6. In September of 2020, Green Square left a voicemail for Mr. Salazar stating that he had defrauded the Social Security Administration and was required to call a 1-800 number.

7. Mr. Salazar called Green Square at the number provided.

8. A Green Square employee stated Mr. Salazar's phone number, address, Social Security number, and a former bank account number, which Mr. Salazar confirmed.

9. The employee again stated that Mr. Salazar had defrauded the Social Security Administration and demanded payment of $1,400.

10. The employee used vulgar language and called Mr. Salazar offensive names.

11. The employee threatened that Mr. Salazar would be sent to jail and sued for the debt.

12. Mr. Salazar asked for more information about why he owed money.

13. The employee refused to provide any information until Mr. Salazar disclosed his e-mail address.

14. Mr. Salazar provided the e-mail address.

15. Eventually, a Green Square manager came on the phone call and was similarly abusive to Mr. Salazar.

16. Mr. Salazar ended the call.

17. Green Square then sent Mr. Salazar an e-mail claiming that he owed $1,749.80 relating to a loan with New Mexico Title Loans.

18. While Mr. Salazar had borrowed from New Mexico Title Loans in the past, this information was not accurate.

19. Mr. Salazar did not owe this amount.

20. Green Square was not entitled to collect on New Mexico Title Loans' behalf.

21. Green Square had no intention of carrying out its threats; it simply hoped to terrify Mr. Salazar into paying it.

22. Defendant's threats caused Mr. Salazar significant anxiety and other emotional distress.

23. Mr. Salazar was damaged by Defendant's actions, including lost time and aggravation, inconvenience, humiliation, and emotional distress.

24. Defendant's conduct was willful, malicious, knowing and in conscious or reckless disregard of the rights of Mr. Salazar.

25. Defendant's misconduct is part of a pattern. Defendant routinely engages in abusive debt collection activities in violation of federal and state law.

26. The conduct described herein is a part of Defendant's explicit policies and practices.

27. Defendant's employees were acting within the scope of their employment in their contact with Mr. Salazar and had sufficient discretionary authority to act on Defendant's behalf.

28. Defendant authorized, participated in, and ratified their employees' conduct.

29. A substantial award of punitive damages is justified to deter Defendant's misconduct.

## First Claim for Relief: Violations of the FDCPA

30. Defendant violated the FDCPA, including 15 U.S.C. §§ 1692d, 1692e, and 1692f.

31. Plaintiff is entitled to recover statutory damages and actual damages, costs and reasonable attorney fees.

## Second Claim for Relief: Violations of the Unfair Practices Act

32. Defendant is subject to the Unfair Practices Act for its business conduct in New Mexico.

33. Defendant's conduct constituted unfair or deceptive trade practices and unconscionable trade practices, within the meaning of the New Mexico Unfair Practices Act, NMSA § 57-12-2(D) and (E), and its regulations.

34. Defendant willfully engaged in these unlawful trade practices.

35. Plaintiff is entitled to recover actual or statutory damages, trebled, plus costs and reasonable attorney's fees.

36. Plaintiff is entitled to injunctive relief to prevent irreparable injury that will result from continued collection activities.

### Third Claim for Relief: Tortious Debt Collection

37. Defendant's actions constitute unreasonable and tortious debt collection practices in violation of the doctrine enunciated by the New Mexico Supreme Court in *Montgomery Ward v. Larragoite*, 81 N.M. 383, 467 P.2d 399 (1970).

38. Plaintiff is entitled to recover actual damages in an amount to be proven at trial, and punitive damages should also be awarded against Defendant.

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Award actual, statutory, and/or punitive damages as provided above;

B. Grant injunctive relief;

C. Award reasonable attorney's fees;

D. Award costs; and

E. Grant such other relief as it deems just and proper.

Respectfully submitted,

*/s/Nicholas H. Mattison*
Nicholas H. Mattison
Feferman, Warren & Mattison, Attorneys for Plaintiff

300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773
(505) 243-6663 (fax)