IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUGENE SALAZAR,

    Plaintiff,

v.                                                       No. 21-cv-542 KG-JFR

GREEN SQUARE COMPANY, LLC,

    Defendant.

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Magistrate Judge John F. Robbenhaar's Proposed Findings and Recommended Disposition ("PFRD"), filed March 16, 2022. (Doc. 28). Judge Robbenhaar recommended this Court award damages in the amount of $3,220.00 in Plaintiff's favor ($2,120.00 in actual damages under the Fair Debt Collection Practices Act "FDCPA," plus $1,000.00 in federal statutory amounts, and $100.00 in state statutory amounts), together with attorney's fees and costs of $11,655.23.

Plaintiff filed objections to the PFRD challenging Judge Robbenhaar's recommendation that the Court not award punitive damages in connection with Plaintiff's state law claim for tortious debt collection. (Doc. 29). Plaintiff argues that Defendant's behavior is egregious and thus grounds for some amount of punitive damages related to the state tort claim. Although Judge Robbenhaar recommended the statutory maximum award of exemplary damages under the FDCPA, Plaintiff contends that more damages are necessary to punish and deter this Defendant.

## Legal Standards

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C.

1

§ 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

## Analysis

The Court has considered the relevant filings and objections in light of the foregoing standards, and has conducted a *de novo* review. Based on this review and for the reasons discussed below, the Court finds that Plaintiff's objections to the PFRD are unfounded and thus, are overruled. This Court adopts the findings and recommendations in the PFRD.

This is a default judgment action involving a debt collector's unlawful threats to obtain funds from a consumer who had never done business with the Defendant Green Square Company, LLC. Green Square told Plaintiff twice via telephone conversation, and once by

2

voicemail message, that Plaintiff could be jailed for defrauding the Social Security Administration unless he paid Green Square $1400, which Plaintiff did not owe. Green Square then pretended to represent New Mexico Title Loans as it insisted via email that Plaintiff owed $1749.80, which he also did not owe.

Plaintiff is a vulnerable individual who has suffered with mental health problems for many years. Plaintiff did not pay Defendant any money, but he worried about the calls he received, and it contributed to a setback in his mental health, which included a need to change his telephone number and email, and he reached out to friends and family about the distress he felt after receiving Defendant's calls and email. Plaintiff also experienced an increase in his schizophrenia symptoms after Green Square's threats. Plaintiff stopped working for three to four months due in part to the stress Defendant's actions caused. Other factors contributing to Plaintiff's distress included the national pandemic and his sister's death. (Doc. 28) at 15. Plaintiff did not present psychological records or expert testimony, or attempt to delineate which sources of stress were most problematic to him. Green Square's conduct was clearly upsetting and contributed to his mental health problems.

After conducting an evidentiary hearing, the magistrate judge recommended compensable damages of $2,120.00, attorney's fees and costs of $11,655.23, and the maximum statutory exemplary award of $1,000.00, as well as treble damages under the state statute of $300.00.[1] The compensatory amount includes $500 for each month of distress that Plaintiff experienced, plus the lost time of 10 hours at his hourly rate of work ($12.00/hour) for a total of $120.00. (Doc. 28) at 15. The magistrate judge recognized the emotional distress Plaintiff suffered, as

---

[1] Plaintiff cannot collect the state trebled amount in addition to the federal exemplary damages of $1000, and the Court has assumed he will collect the greater exemplary amount of $1000, plus the $100 state statutory amount.

3

well as lost time of up to 10 hours that Plaintiff spent dealing with Defendant's telephone calls, email and threats. Judge Robbenhaar recommended compensating Plaintiff for each of those issues, and applying the maximum exemplary statutory damages under the federal statute, and treble damages under the state statute. Judge Robbenhaar did not recommend awarding additional punitive damages under the state tort claim, on the grounds that the exemplary statutory penalty, and the state trebled damages, adequately deterred and punished the Defendant. (Doc. 28) at 27.

"An award of punitive damages is not a matter of right but is within the discretion of the trier of the facts and will depend upon the degree of wanton and willful conduct of the defendant." *Obenauf v. Frontier Fin. Grp., Inc.*, 785 F. Supp. 2d 1188, 1196 (D.N.M. 2011) (citation omitted). Under New Mexico law, the general standard for punitive damages is proof of "willful, wanton, malicious, reckless, oppressive, fraudulent or in bad faith" conduct. *Akins v. United Steel Workers of Am., AFL-CIO, CLC, Local 187*, 237 P.3d 744, 752 (N.M. 2010); *Anderson Living Tr. v. Conoco Phillips Co.*, 952 F.Supp.2d 979, 1046 (D.N.M. 2013) (citation omitted). "Punitive damages do not measure a loss to the plaintiff, but rather punish the tortfeasor for wrongdoing and serve as a deterrent." *Sanchez v. Clayton*, 877 P.2d 567, 572 (N.M. 1994); *Akins*, 237 P.3d at 749 (citation omitted). Factors to be weighed in assessing punitive damages are the enormity and nature of the wrong, and any aggravating circumstances. *See Green Tree Acceptance, Inc. v. Layton*, 769 P.2d 84, 87 (N.M. 1989) (citation omitted). The amount awarded must be reasonably related to the injury and to any damages given as compensation. *Loucks v. Albuquerque Nat'l Bank*, 418 P.2d 191, 199 (N.M. 1966); *see also* N.M. U.J.I. 13-1827. Because a plaintiff is presumably "made whole for his injuries by compensatory damages," punitive damages should not be awarded unless "defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions

to achieve punishment or deterrence." *Lompe v. Sunridge Partners, LLC*, 818 F.3d 1041, 1065 (10th Cir. 2016) (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003)).

Plaintiff correctly asserts that punitive damages for tortious debt collection are proved by a preponderance of the evidence, rather than a clear and convincing standard as referenced in the PFRD. *See* (Doc. 28) at 27; *Gallegos v. Citizens Ins. Agency*, 779 P.2d 99 (N.M. 1989). Even under the preponderance of the evidence standard, this Court agrees with the magistrate judge's conclusion that the exemplary damage award associated with the federal maximum penalty of $1,000.00 adequately punishes and deters Defendant's behavior upon balancing the enormity and nature of the wrong and the aggravating circumstances. Defendant will also be compensating Plaintiff for his lost time and emotional distress in the amounts of $2,220.00[2] and paying $11,655.23 in costs and fees, for a total judgment of $14,875.23.

The Court finds Defendant Green Square's behavior reprehensible and believes the penalties meted out here will deter future threats to vulnerable victims like Plaintiff and should prevent unwarranted debt collection practices in the future. The Court is aware of additional cases now proceeding against Green Square in other jurisdictions and anticipates those courts will see fit to award compensatory and exemplary amounts coincident with the damages in those cases. The Court has considered Plaintiff's cited cases in support of additional punitive damages here, and notes the difference between those cases and the facts presented in this case. For example, in *Lompe*, a jury awarded a personal injury victim $3 million in compensatory damages under Wyoming law after a college student was evacuated from her apartment and hospitalized for high levels of carbon monoxide (CO) emanating from her apartment, and defendant had notice of the dangerous condition; that plaintiff was treated for acute CO poisoning and suffered potential life-long

---

[2] This amount includes $2,000.00 for emotional distress damages, $120.00 for lost time, and $100.00 in state statutory amounts (without the trebled penalty).

5

injuries from various neurological conditions. 818 F.3d at 1066. In *Chavarria v. Fleetwood Retail Corp.*, the New Mexico Supreme Court reviewed a trial court's reduction of punitive damages in a case involving fraud relating to the sale of a mobile home, where defendants engaged in an elaborate scheme to falsify plaintiffs' credit history, forged their signature on loan documents, and committed numerous fraudulent acts to induce plaintiffs to purchase a new mobile home that it falsely represented as custom, but was in reality a substandard, squalid dwelling. 143 P.3d 717. In *TXO Prod. Corp. v. All. Res. Corp.*, the Supreme Court considered appropriate limits to punitive damages where the plaintiff was awarded $10 million in connection with fraudulent and nefarious acts in the development and sale of oil and gas rights that risked exposing others to millions of dollars in damages. 509 U.S. 443, 462 (1993). The facts and aggravating circumstances here are unlike the cases Plaintiff cites.

The Court is sensitive to the offense Plaintiff has suffered, but nonetheless finds the goals of punishment and deterrence to this Defendant sufficiently met as Judge Robbenhaar recommends in the PFRD. Defendant's employees left one telephone message for Plaintiff, and then interacted twice by telephone when Plaintiff called Green Square himself. All contacts between the parties resulted in approximately 10 hours of wasted time, as well as emotional stress as articulated above and in the PFRD. While Defendant's employees were forceful and rude to the Plaintiff, and he undoubtedly sought reassurance from friends and family that he owed no such debts and could not be prosecuted or jailed in connection with the false threats, Plaintiff's emotional distress came from several sources. Defendant did not continue to torment Plaintiff after its initial call and email, and the issues were resolved in a relatively short amount of time. It is unfortunate that businesses like Green Square exist, but the Court concludes that such unlawful behavior is adequately punished by federal and state statute, as well as by the common law. Here, the statutory scheme sufficiently addresses compensatory and exemplary damages.

## Conclusion

In sum, following its *de novo* review and having addressed Plaintiff's objections, the Court finds no fault with the Magistrate Judge's PFRD, except to state the legal standard that applies is preponderance of the evidence rather than clear and convincing proof, as set forth above. Applying the preponderance of the evidence standard leads to no different result than that recommended in the PFRD.

IT IS THEREFORE ORDERED that Plaintiff's objections are OVERRULED and the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 91) are ADOPTED. IT IS FURTHER ORDERED that

1. Actual damages are awarded for $2,120.00 under the FDCPA and in connection with the state tort claim, but that amount can only be collected once.

2. Statutory damages are awarded for $1,000.00 under the FDCPA and $100.00 under the UPA.

3. Exemplary, punitive, and treble damages of $300.00 under the UPA (which includes the $100.00 state statutory amount), but the trebled amount may not be recovered in addition to the $1,000.00 statutory amount under the FDCPA.

4. Injunctive relief: the Court orders Defendant not to place telephone calls or send any emails to this Plaintiff, or to anyone with whom Plaintiff is associated.

5. Costs and fees of $ 11,655.23,[3] which includes $10,000.55 in attorney's fees and $1664.68 in costs.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's counsel filed a Notice indicating an underlying mathematical error in his original cost calculations, clarifying that costs totaled $1664.68 instead of $1992.73, as originally stated. Doc. 30. The correction does not change the total fee recommended and ordered here, but the correction is noted to clarify the record.